# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CONTRELL PLUMMER, #B14235,** )<br>  )<br>  **Plaintiff,** )<br>  )<br> vs. )<br>  )<br> **JOHN DOE 1,** *Correctional Officer,* )<br> **JOHN DOE 2,** *Sergeant,* )<br> **JOHN DOE 3,** *Lieutenant,* )<br> **JOHN DOE 4,** *Shift Commander*, )<br> **NURSE NANCY,** )<br> **WARDEN,** *Pinckneyville CC*, )<br> **WEXFORD HEALTH RESOURCES, INC.,** )<br> and **ROB JEFFREYS,** *IDOC Director,* )<br>  )<br>  **Defendants.** ) | Case No. 3:20-cv-00940-SMY |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff Contrell Plummer, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint (Doc. 1) under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## <u>The Complaint</u>

Plaintiff alleges the following in the Complaint (Doc. 1): Plaintiff has chronic obstructive pulmonary disease (COPD) and has been prescribed breathing treatments. Dr. Myers stated Plaintiff's environment is causing him to wheeze. Pinckneyville was placed on a level 1 lockdown

on January 9, 2020. Plaintiff asked the R1-Unit Sergeant if the 6:00 p.m. treatment line would run and he replied, "that's what we're trying to find out." Other inmates asked the cell house lieutenant the same question and were told, "we are looking into it now." When nursing staff was asked about treatment line, they stated they didn't know anything. When Nurse Nancy came to Plaintiff's cell to distribute evening medications, Plaintiff asked when he would receive his breathing treatment. She replied, "everything was dropped on us."

Prison officials and medical staff failed to provide for the safety, security and medical needs of Plaintiff. The Warden or Shift Commander is responsible for issuing a lockdown. In this instance, they failed to allow the correctional officers to take treatment line inmates for their prescribed medical treatment. The zone lieutenant along with the unit sergeant failed to ensure that all individuals on treatment line went to the health care unit. Plaintiff was left to wheeze all night inside his cell. His inhaler does not stop his wheezing. Plaintiff was denied medical treatment and this is a violation of the Eighth Amendment, the Wrongful Preventative Act, and the Americans with Disabilities Act.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Defendants for not ensuring Plaintiff received his breathing treatment on January 9, 2020 during the lockdown.
>
> Count 2: Americans with Disabilities Act claim against Jeffreys.
>
> Count 3: Violation of the Wrongful Preventative Act.

Any other claim that is mentioned in the Complaint and not addressed herein is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim that is plausible on its face.").

### Preliminary Dismissals

Plaintiff seeks to hold Wexford responsible for the actions of its employees but Wexford cannot be held liable based on *respondeat superior*. It may be held liable only if it had a policy or practice that caused the alleged violation of a constitutional right. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). Plaintiff's allegations do not suggest that Wexford maintained a policy or practice that caused a violation of Plaintiff's constitutional rights. Therefore, Plaintiff fails to state a viable claim against Wexford, and it will be dismissed.

To the extent Plaintiff seeks to hold IDOC Director Rob Jeffreys and the Pinckneyville Warden responsible for the acts and/or omissions of IDOC employees, there is no respondent superior or "supervisor liability" under 42 U.S.C. § 1983, *see Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001). Those claims will therefore be dismissed.

### Discussion

#### Count 1

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Allegations of negligence or medical malpractice do not state an Eighth Amendment claim. *See Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997).

It is questionable whether one night of wheezing constitutes an objectively serious medical condition. Plaintiff does not specifically allege that he was having difficulty breathing, and his

complaint allegations do not indicate that he was in serious distress or was suffering from the kind of distress that required medical attention. Nor do the allegations suggest deliberate indifference by any of the Defendants. As such, Plaintiff fails to state a viable Eighth Amendment deliberate indifference to serious medical needs claim, and Count 1 will be dismissed.

### Count 2

The Americans with Disabilities Act (ADA) provides that "no qualified individual with a disability shall, because of that disability ... be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). A claim that Plaintiff has not been properly treated for a medical condition is distinctly different from a claim that he has been denied access to services or programs because he is disabled and is not cognizable under the ADA. *See Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."); *Resel v. Fox*, 26 Fed. Appx. 572, 577 (7th Cir. 2001) (unpublished) (holding that "a prison official does not violate the ADA when failing to attend to the medical needs of ... disabled prisoners.") (internal quotation marks and citation omitted). The allegations in the Complaint do not support a claim under the ADA. Therefore, Count 2 will be dismissed.

### Count 3

Plaintiff claims he was denied medical treatment in violation of the "Wrongful Preventative Act" – a non-existent statute. As such, Count 3 fails to state a claim for a federal constitutional violation cognizable under § 1983 and will be dismissed.

### Disposition

The Complaint does not survive preliminary review under 28 U.S.C. § 1915A and is **DISMISSED without prejudice** for failure to state a claim for relief. Wexford Health Resources

Inc. is **DISMISSED without prejudice** and the Clerk of Court is **DIRECTED** to **TERMINATE** it as a defendant.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **JUNE 2, 2021**. The First Amended Complaint will be subject to review under § 1915A. Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 20-940). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant, when he encountered each Doe Defendant, and the circumstances of the encounter. He is required to identify the Doe Defendants as much as possible and at least distinguish between different Does. (For example, John Doe # 1 did X and John Doe # 2 did Y.). To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. Instead, the First Amended Complaint must stand on its own, without reference to any

previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 3, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
