# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONTRELL PLUMMER, #B14235, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:20-CV-00940-SMY |
| JOHN DOE 1, et al., | ) |
| Defendants. | ) |

# ORDER DISMISSING CASE

**YANDLE, District Judge:**

This matter is before the Court for case management. Plaintiff Contrell Plummer, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. The Complaint did not survive screening because Plaintiff failed to state a claim for relief, and the Court dismissed the Complaint without prejudice pursuant to 28 U.S.C. § 1915A. (Doc. 11). Plaintiff was granted leave to file a First Amended Complaint on or before June 2, 2021 and was warned that failure to do so would result in dismissal with prejudice for failure to state a claim for relief, failure to comply with a court order, and/or for failure to prosecute his claims. (*Id.*). Plaintiff was subsequently granted an extension of time to July 2, 2021 to file a First Amended Complaint. (Doc. 13).

The deadline to file a First Amended Complaint has passed and Plaintiff has not filed the pleading or requested another extension. Accordingly, this case is **DISMISSED with prejudice** for Plaintiff's failure to state a claim for relief, failure to comply with the Court's Order, and failure to prosecute his claims. Fed. R. Civ. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). Because the Complaint

failed to state a claim upon which relief may be granted, **this dismissal shall count as a strike for purposes of 28 U.S.C. 1915(g)**. The Clerk of the Court is **DIRECTED** to enter final judgment and to close this case.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED.R.APP.P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED.R.APP.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the appeal is found to be nonmeritorious, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus any balance on the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: July 12, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**